WELLS, FARGO & CO. v. WELLSVILLE, C. & P. C. R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. December 15, 1896.)

1. APPEAL—FROM ORDER GRANTING INJUNCTION—FINAL ORDER.
   A defendant cannot appeal from an injunction order against him when such order reserves to him the right to move its vacation or modification, as he has not exhausted his remedy at special term.

2. SAME—PAPERS FILED AFTER ORDER IS ENTERED.
   An appeal from an injunction order must be heard on the papers enumerated in the order, and on which it was granted; and additional affidavits filed thereafter, though by leave given by the order itself, cannot be considered.

Appeal from special term.

Action by Wells, Fargo & Co. against the Wellsville, Coudersport & Pine Creek Railroad Company, the Buffalo & Susquehanna Railroad Company, and the American Express Company. From an order granting an injunction, defendants appeal. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Roswell R. Moss, for appellants.
H. C. Mandeville, for respondent.

PER CURIAM. It has been held (Robbins v. Ferris, 5 Hun, 286), and the decision lays down a sound rule of practice, that in case a party moves to vacate an order, and his motion is denied, with leave to renew, he cannot appeal from the order, for the reason that he has not exhausted his remedy at special term. In the case cited the plaintiff availed himself of the leave granted, and also appealed from the first order; but the reason for holding such an order not appealable is as strong in the present case as in the one cited. The order made on the new motion, if any, becomes

the final one, determining the rights of the parties, and is appealable. In the case at bar the order appealed from reserved, without any time limit, the right to the defendants to move before the judge who granted it, or at special term, to vacate or modify the injunction order on the papers on which it was granted, or on new affidavits to be opposed by counter affidavits on the part of the plaintiff. The appellants not having exhausted their remedy at special term, the appeal should be dismissed. Besides, the injunction was granted on the papers enumerated therein, in accordance with the rule, but it gave leave to the defendants to make, serve, and file additional affidavits, which were ordered to be considered on appeal from the injunction order. The defendants availed themselves of this privilege, and filed two affidavits, which appear in the record, and which we are asked to consider on this appeal. This is wholly irregular, as an appeal from an order must be heard on the papers enumerated therein, and which were before the judge or court making the order. The courtesy of the litigants towards each other is to be commended, but it does not justify this court in reviewing this order.

The appeal should be dismissed, but, under the circumstances, without costs to either party.